State v. Thomas.    *64 N. J. L.*

## THE STATE v. HENRY THOMAS.

Submitted December 9, 1899—Decided February 26, 1900.

1. A party indicted for a crime may be convicted of any offence of a lower degree provided such lower offence is included within the description in the indictment, without regard to the question whether it was or was not technically a felony. *State* v. *Johnson,* 1 *Vroom* 185, followed.

2. An indictment in the statutory form by implication charged all the facts which at common law were necessary to be set forth to constitute the crime, and the defendant is not thereby deprived of any right under the constitutional provision "that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation."

On error.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the state, *Louis Hood.*

For the defendant, *Thomas S. Henry.*

PER CURIAM.

The court is of the opinion that the only question it is necessary to discuss in this case is whether, under an indictment for manslaughter, framed according to the forty-fifth section of the Criminal Procedure act, there can be a conviction for assault and battery.

The rule applicable to this question in this state is declared in *State* v. *Johnson,* 1 *Vroom* 185, to be "that a party indicted for a crime may be convicted of any offence of a lower degree provided such lower offence is included within the description in the indictment, without regard to the question whether it was or was not technically a felony."

At common law the rule was that the crime proved must be of the same general character as that charged, and that an indictment for felony would not support a conviction for mis-

demeanor. This rule had its origin in the diversity of the mode of proceeding in the two cases. Such diversity does not exist under our procedure. The decision in State *v.* Johnson rests upon the fact that the technical rule of the common law does not prevail here.

Our Criminal Procedure act provides " that in every indictment for manslaughter it shall be sufficient to charge that the defendant did feloniously kill and slay the deceased."

This statute gives the same effect to an indictment, so drawn in the statutory language, that it would have had before the passage of the statute, if the offence had been charged in the language required by the common law.

At common law the indictment for murder and manslaughter charged an assault, and therefore the averment in this indictment that the defendant did feloniously kill and slay is equivalent to alleging that he unlawfully committed an assault.

In *State* v. *Graves,* 16 *Vroom* 203, 347, the indictment charged that the defendant " did willfully, feloniously and of malice aforethought, kill and murder the deceased;" and it was there held " that no right of the defendant was violated, nor any privilege of his disregarded or contravened by convicting him of murder in the first degree on an indictment which described the crime merely according to the statutory form."

So in *Titus* v. *State,* 20 *Vroom* 36, in an indictment for murder, when the fact that the killing was in the commission of a rape was relied on to make the killing murder in the first degree, a count in the general form authorized by the Criminal Procedure act was held to be sufficient.

The conclusion from these adjudications is that an indictment in the statutory form by implication charges all the facts which at common law were necessary to be set forth to constitute the crime, and that thereby the defendant was not deprived of any right under the constitutional provision " that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation."

There was, therefore, no error in the charge of the court that the jury, under this form of indictment, could convict the defendant of assault and battery, and he suffered no manifest wrong and injury in being convicted of the lesser offence.