THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTOR, v. THE CITY TREASURER OF THE CITY OF ELIZABETH, DEFENDANT.

Submitted February 23, 1911—Decided June 6, 1911.

1. Where an ordinance provides that when a railroad train shall stand on a sidewalk or crossing for a longer period than five minutes, the person in charge of the train shall break the same upon the request of any pedestrian, or other person wishing to go over the crossing, and a suit is brought for a penalty for refusing to break the train, the complaint must set out that there was a request to have the train broken by one wishing to go over the crossing.

2. In a suit for a penalty under an ordinance which forbids a train of cars to obstruct a sidewalk for a longer period than is absolutely necessary for the safe discharge of passengers, and the making up and drilling of freight and coal trains, a complaint which fails to aver that the train had obstructed the crossing longer than was absolutely necessary for either of such purposes is insufficient.

On *certiorari* to review judgment imposing penalty for violation of ordinance relating to obstructing streets at railroad crossings.

Before Justices SWAYZE, BERGEN and MINTURN.

For the prosecutor, *George Holmes.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

BERGEN, J. The judgment which this writ seeks to review was recovered before a police justice for the alleged violation of an ordinance of the city of Elizabeth, which ordains that no locomotive or train of cars of any description shall obstruct any sidewalk or cross walk "for a longer period than is absolutely necessary" to safely and expeditiously discharge pas-

sengers "and for the purpose of making up and drilling freight, coal and iron trains." It then provides that if a train shall stand on a sidewalk or crossing for more than five minutes the person in charge of said train shall break the same at said crossing upon the request of any pedestrian or other person "wishing to go over said crossing." A complaint being made to a police justice alleging that the prosecutor had violated this ordinance, a summons was issued and served, and on the return day the prosecutor appeared and challenged the jurisdiction of the court upon the ground that the complaint was defective, but, the justice overruled the objection and proceeded with the trial and entered judgment against the prosecutor for $25, the penalty prescribed in the ordinance.

The principal point relied upon by the prosecutor is that the complaint was not sufficient to give the police justice jurisdiction, and as that objection is sound, it will not be necessary to consider the other reasons set up by the prosecutor. The complaint does not aver that the crossing was obstructed longer than it was absolutely necessary for the purposes permitted by the ordinance, nor that any pedestrian or other person wishing to go over the crossing had requested the person in charge of the train to break the train after the obstruction had continued five minutes, for all that appears in this complaint the complainant may not have wished to cross, but to annoy the trainmen by compelling them to break the train without the reason therefore required by the ordinance.

This ordinance was under consideration in *Central Railroad Co.* v. *Elizabeth, 35. Vroom 534*, where it was held that one or the other of these conditions must appear in the complaint.

The proceedings and judgment under review are set aside.